In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 15-2690

ROGER G. COCKER,

*Plaintiff-Appellee,*

*v.*

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS PENSION
 PLAN FOR NONSCHEDULE EMPLOYEES,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 12 C 1239 — **David R. Herndon**, *Judge.*

———————————

ARGUED FEBRUARY 26, 2016 — DECIDED MARCH 16, 2016

———————————

Before POSNER, FLAUM, and EASTERBROOK, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff is a participant in a retirement plan (we'll call it the Terminal Plan) governed by ERISA; the defendant is the plan. The plan document provides that "the retirement income benefit payable under this Plan shall be offset by the amount of retirement income payable under any other defined benefit plan … to the extent that the benefit under such other plan or plans is based on

Benefit Service taken into account in determining benefits under this Plan." The Terminal Plan based its calculation of the plaintiff's plan benefits on his total years of work, including the years he'd spent working for Union Pacific Railroad. So it made sense for the plan to subtract from the plaintiff's benefits under the Terminal Plan any benefits that Union Pacific had already given him for his years of working for that company.

The plan provides that if "the benefit under such another plan is paid in a form other than the form of payment under this Plan, including without limitation a single lump sum cash payment made prior to retirement, the amount of such offset shall be the dollar amount per month of the benefit that *would have been payable* under such other plan in the form of a Single Life Annuity commencing on the Participant's Normal Retirement Date" (emphasis added). The appeal revolves around the meaning of "payable" in the plan document.

The plaintiff had taken early retirement from Union Pacific in 2006. His normal retirement date would have been in 2019, and had he waited until then to retire he would have received a retirement benefit of $2,311.73 a month. Instead he chose to begin receiving his benefits in 2009, in the form of a monthly benefit of $1,022.94. The two dollar figures are actuarially identical, in the sense that the present value of the two streams of money is the same because the smaller monthly benefit is received for 111 months longer than the larger one.

After retiring from Union Pacific the plaintiff went to work for Terminal Railroad and became a participant in that company's retirement plan, the plan at issue in this case.

When in 2010 he retired from Terminal Railroad, the Terminal Plan's administrator calculated the monthly benefit owed him for his combined years of service to Terminal and Union Pacific to be $3,725.02, from which the Terminal Plan would deduct the monthly benefits payable under the Union Pacific Plan. The question is whether the amount to be deducted each month should be $2,311.73 or $1,022.94. The plaintiff argued to the plan administrator for the smaller deduction; the administrator rejected the argument. So the plaintiff sued the Terminal Plan under 29 U.S.C. § 1132(a)(1)(B). He won in the district court, precipitating the Plan's appeal to us.

The plan administrator was right. The actuarial equivalence that we noted is the key to this conclusion. The monthly offset required by Terminal's plan is the amount payable under the prior employer's plan. $2,311.73 was the maximum amount payable to the plaintiff per month under the Union Pacific Plan but he lost nothing by choosing to receive only $1,022.94, because as we said the expected value of a stream of monthly receipts of that amount was equal to the expected value of a stream of monthly receipts of $2,311.73 received for many fewer months. Allowing him to deduct only $1,022.94 would have given him a larger Terminal pension and thus paradoxically have made him better off than if he'd received his Union Pacific pension in larger monthly payments for a shorter period, the paradox residing in the fact that the value of his Union Pacific pension was independent of the amount of his monthly benefits, owing to the relation between that amount and the number of months.

Imagine two employees of Union Pacific, each entitled to the same retirement benefit of $2,311.73 a month. Employee

A chooses that monthly benefit to begin at his normal retirement age, while Employee B chooses instead the actuarially equivalent benefits stream of $1,022.94 a month to begin now and thus continue for a longer period. Suppose A and B retire from Union Pacific the same day, go to work for Terminal Railroad the same day, are paid the same salary, retire from Terminal the same day, and were it not for the deduction of their Union Pacific benefits would be entitled by the Terminal Plan to the same monthly benefit of $4000. The plaintiff's position, echoed by the district court, is that A would be entitled to a monthly retirement benefit from Terminal's plan of $1,688.27 ($4000 minus $2,311.73), while B would be entitled to $2,977.06 ($4000 minus $1,022.94). That is senseless given the above assumptions about their work history, and is not required by the plan document. The plan administrator permissibly interpreted "payable" to require that the plan's benefits be offset by the total value of the benefits received by the employee under a different plan; otherwise the plan would be conferring a windfall on an employee who could vary the monthly payments that he received under that other plan.

We are reinforced in this conclusion by language quoted earlier in our opinion (if "the benefit under such another plan is paid in a form other than the form of payment under this Plan, … the amount of such offset shall be the dollar amount per month of the benefit that *would have been payable* under such other plan in the form of a Single Life Annuity commencing on the Participant's Normal Retirement Date") (emphasis added), and by a recent decision of the Eighth Circuit in a virtually identical case, reaching the same result as we do today. *Ingram v. Terminal Railroad Association of St.*

*Louis Pension Plan for Nonschedule Employees*, 812 F.3d 628, 635 (8th Cir. 2016).

We are mindful of the plaintiff's further argument that the plan administrator had a conflict of interest. But that is irrelevant, as we believe not only that the plan administrator adopted a permissible interpretation of the plan document but also that his interpretation was correct.

The judgment of the district court is reversed with instructions to dismiss the suit with prejudice.